IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DUSTIN CHAMBERS, )
 )
      Plaintiff, )
 )
v. ) 1:24CV562
 )
MR. BROWN, et al., )
 )
      Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a convicted prisoner housed in the Rockingham County Jail, submitted a pro se Complaint [Doc. #2] under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). The Complaint seeks damages from five officers and a nurse employed at the Jail based on an alleged use of excessive force and improper medical treatment. It names all Defendants in both their individual and official capacities. The Complaint and request for *in forma pauperis* status are now before the Court for review.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, parts of the Complaint should go forward but the rest of it should be dismissed pursuant to 28 U.S.C. § 1915A(b) because they currently fail to state a claim on which relief may be granted.

The Complaint alleges that Plaintiff's cellmate suffered a seizure and that Plaintiff and other inmates called for help for fifteen minutes before Defendants Mr. Brown, Mr. Stultz, Mr. Couzzi, Mr. Rodgers, and Mr. T. Kluk responded. (Docket Entry 2 at 8.) Upon their

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

arrival and entry into Plaintiff's cell, Plaintiff allegedly asked what took them so long and attempted to move aside and step out of his cell to allow staff to enter. (Id.) The Complaint claims that Defendants Couzzi and Kluk turned him around and slammed him to the floor for no reason and without him fighting. (Id. at 9.) It also alleges that Defendant Rodgers then placed his knee on Plaintiff's neck. (Id.) As a result, Plaintiff allegedly suffered neck and lower back pain. (Id.) These allegations are sufficient to state individual capacity claims under § 1983 based on excessive force against Defendants Couzzi, Kluk, and Rodgers.

As for any official capacity claims, the Complaint alleges that all Defendants are employees of the Rockingham County Sheriff's Office or the Jail. An attempt to name a Sheriff's employees as Defendants in their official capacities is an attempt at pleading a claim against their employer, Sheriff. Kentucky v. Graham 473 U.S. 159, 166 (1985). The Sheriff, by nature of the position, also controls the operations of the Jail and possesses final policymaking authority for that facility. See Cobbs ex rel. Cobbs v. County of Guilford, No. 1:10CV806, 2012 WL 3113141, at *2 (M.D.N.C. July 31, 2012) (unpublished), rec. adopted as modified, 2012 WL 4508106, (M.D.N.C. Sept. 28, 2012) (unpublished). Therefore, in order to successfully plead an official capacity claim as to the named Defendants in this case, the Complaint would have to contain facts attributing Defendants' actions to a policy, custom, or decision of the Sheriff. Layma ex re. Layman v. Alexander, 343 F. Supp. 2d 483, 489 (W.D.N.C. 2004). The Complaint utterly fails to set out any facts supporting an official capacity claim as to Couzzi, Kluk, Rodgers, or the other Defendants. Therefore, only the

-3-

individual capacity claims as to those three Defendants should proceed and the official capacity claims against all Defendants should be dismissed.

Regarding any individual capacity claims against Defendants Brown and Stultz, the Complaint alleges only that they arrived to help with the cellmate's medical emergency. It does not allege that they were involved in any use of force against Plaintiff, much less excessive force. Plaintiff may be attempting to hold them liable based on a the theory of bystander liability, but if so, this attempt fails. A defendant "may be liable under § 1983, on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall v. Prince George's County, Md., 302 F.3d 188, 204 (4th Cir. 2002). Here, the Complaint alleges only a brief use of force against Plaintiff by Defendants Couzzi, Kluk, and Rodgers. It does not allege that Defendants Brown and Stultz knew that those officers would act as they did or that they had an opportunity to intervene. Given that they were also involved in attending to the medical emergency with Plaintiff's cellmate, it is not even clear they were aware of the nature of the use of force against Plaintiff. Therefore, the Complaint states no claim for relief as to Defendants Brown and Stultz.

Finally, the Complaint names Jo, a nurse at the Jail, as a Defendant and alleges that she violated Plaintiff's rights by failing to treat his injuries from the use of force by the officers. According to the Complaint, Plaintiff began to have extreme neck and lower back pain later in the day following the use of force. (Docket Entry 2 at 9.) He then filed a request for medical treatment. (Id.) Defendant Jo saw him the next day, but for a previous

-4-

request for treatment of an unrelated toothache. (Id.) However, Plaintiff informed her of the injuries to his neck and back. (Id.) The current Complaint does not specifically allege that she did not treat these injuries, but Plaintiff did make an allegation in a prior Complaint that the undersigned recommended be dismissed without prejudice that she would not look at him for his injuries, only for the toothache. (1:24CV508, Docket Entry 2 at 8.) The current Complaint also alleges that, upon returning to his cell, Plaintiff wrote a grievance to Defendant Brown stating that he saw Defendant Jo but that she did nothing for his neck and back pain. (Docket Entry 2 at 9.) Officers took Plaintiff back to see Defendant Jo the next day. (Id. at 10.) She stated that she did not realize the extent of Plaintiff's injuries, but still only put him on a list to see a doctor. (Id.) That visit occurred eight days later, during which time, Plaintiff allegedly suffered "extreme pain." (Id.)

Deliberate indifference to a serious medical need can state a claim under § 1983. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). The Complaint, read in the light most favorable to Plaintiff, alleges that he informed Defendant Jo of his injuries on the day of his first visit but that she refused to see him for them until the next day and that, upon seeing them, she acknowledged that they were more severe than she realized but still did not treat Plaintiff and only put him on a list for a doctor's visit eight days later. He remained in extreme pain until that time. Although the Complaint does not raise the strongest claim regarding Plaintiff's medical treatment, it is sufficient at this time to allege an individual capacity claim that Defendant Jo showed deliberate indifference by failing to examine Plaintiff when he first sought treatment and by not providing any treatment to ease his pain

prior to his doctor's visit. Therefore, the individual capacity claim against Defendant Jo should also proceed.

As for Plaintiff's request to proceed *in forma pauperis*, in reliance upon the representations set forth in the request, the Court finds that Plaintiff had deposits of $1260.00 in his inmate account in the six months immediately preceding filing of this complaint and it is, therefore, determined that he must make an initial partial payment of $42.00 in this matter.

IT IS THEREFORE RECOMMENDED that Plaintiff's individual capacity excessive force claims against Defendants Couzzi, Kluk, and Rodgers and his individual capacity claim based on a lack of medical treatment against Defendant Jo be allowed to proceed but that all other claims the Complaint be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

IT IS ORDERED that Plaintiff in the above-named action be, and is hereby, permitted to file and prosecute said action in this Court without prepayment of fees or giving security therefor, subject to the conditions set forth below.

IT IS FURTHER ORDERED that, as a condition of Plaintiff's proceeding *in forma pauperis*, Plaintiff shall, within sixty (60) days after the date of this Order, submit to the Clerk an initial payment of $42.00, which represents 20% of the greater of the average monthly deposits into or the balance in Plaintiff's account for the 6-month period immediately preceding filing of this complaint.

IT IS FURTHER ORDERED that, as a condition of Plaintiff's proceeding *in forma pauperis*, Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of August of 2024, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:24CV562, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service procedures be stayed until Plaintiff has either (1) submitted to the Court the initial payment noted above, or (2) in the alternative has submitted a motion for relief from the stay, and a statement made under penalty of perjury that he has not had access to any funds for the initial payment noted above for the 60-day period.

FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.

This, the 16th day of July, 2024

                                              /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                                     **United States Magistrate Judge**