# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DUSTIN CHAMBERS,          )
                                  )
                 Plaintiff,     )
                                  )
                 v.            )       1:24CV562
                                  )
MR. BROWN, et al.,         )
                                  )
                 Defendants.    )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Motion for Leave to File out of Time (Docket Entry 23), in which "Defendants[] Lt. Couzzi, Cpl. Kluk, and Sgt. Rodgers[] respectfully request that this Court extend the time [for them] to file the[ir a]nswer, attached [t]hereto as Exhibit 1" (id. at 3 (internal quotation marks omitted) (referring to Docket Entry 23-1)). Because the record establishes excusable neglect for the filing of that answer out-of-time (and, alternatively, supports relief from any default), the Court will grant the instant Motion, will order Defendants Couzzi, Kluk, and Rodgers to file their proposed answer, and will adopt a scheduling order for this case.

## BACKGROUND

Plaintiff commenced this action by filing a Complaint (Docket Entry 2) against six Defendants (see id. at 2-5)[1] under 42 U.S.C.

---

[1] Pin cites to the Complaint and the proposed answer refer to page number(s) in the footer appended to those documents upon their docketing in the CM/ECF system, not to any original pagination.

§ 1983 for alleged Eighth Amendment violations committed at the Rockingham County Detention Center (see id. at 4, 6; see also Docket Entry 1 (Declaration and Request to Proceed In Forma Pauperis)).[2]  At initial screening under 28 U.S.C. § 1915A(a) & (b), the undersigned Magistrate Judge "recommended that Plaintiff's individual capacity excessive force claims against Defendants Couzzi, Kluk, and Rodgers and his individual capacity claim based on lack of medical treatment against Defendant Jo be allowed to proceed but that all other claims [in] the Complaint be dismissed . . . ." (Docket Entry 3 at 6 (all-caps font omitted); see also id. (authorizing Plaintiff to proceed as a pauper).)  After the Court (per United States District Judge Thomas D. Schroeder) adopted that recommendation (see Docket Entry 5), the Clerk (on October 3, 2024) issued Summonses for Defendants Couzzi, Rodgers, Kluk, and Jo (addressed to them at the Rockingham County Detention Center) (see Docket Entry 7; see also Text Order dated Sept. 23, 2024 (providing that "United States Marshals Service . . . shall make service of process")).

Defendant Jo (identifying herself therein by her full name of Joanna Peach and thus hereinafter referred to as Defendant Peach) subsequently answered.  (See Docket Entry 14.)  By letter dated

---

[2] Of note (for reasons evident in the Discussion section), Plaintiff appended to the Complaint an order and recommendation dated June 24, 2024, recommending dismissal of a prior action he filed in this Court (with the same abbreviated caption but a different case number).  (See Docket Entry 2 at 20-21.)

-2-

December 3, 2024, the Clerk advised Plaintiff that Defendants Couzzi, Rodgers, and Kluk had not answered and requested that, "[w]ithin 10 days of the receipt of th[at] letter, [Plaintiff] please advise how [he] wish[ed] to proceed with this action as to [those three] Defendants . . . ." (Docket Entry 17 at 1.) When Plaintiff did not timely respond to that letter, the undersigned Magistrate Judge issued a "direct[ive to counsel for Defendant Peach], as an officer of the Court, [] to make a reasonable inquiry with the Rockingham County Detention Center to determine if Defendants [] Couzzi, [] Rodgers, and [] Kluk each received his respective summons . . . ." (Text Order dated Dec. 20, 2024; <u>see also</u> Docket Entries dated Dec. 3, 2024, to present (reflecting no response by Plaintiff to Clerk's letter).)

As described in that Text Order, filings by "the United States Marshals Service ('USMS') confirmed that the[ USMS] had served Defendants [] Couzzi, [] Rodgers, and [Peach], respectively, by certified mail sent to them at the Rockingham County Detention Center (their place of employment), with those mailings all signed for by Cpl. H.D. Crowder on 10/25/2024" (Text Order dated Dec. 20, 2024 (referring to Docket Entries 9, 9-1, and 9-2)), as well as that "the USMS served Defendant [] Kluk by certified mail sent to him at the Rockingham County Detention Center (his place of employment), with that mailing illegibly signed for by someone on an unspecified date" (<u>id.</u> (referring to Docket Entry 10)). Based

on those circumstances, "the Court deem[ed] it necessary to enlist the assistance of [Defendant Peach's counsel], given that . . . [Defendant Peach] received a summons through the same person at the same place of employment as Defendants [] Couzzi and [] Rodgers and at the same place of employment as Defendant [] Kluk." (<u>Id.</u>; <u>see also</u> <u>id.</u> (noting that "[t]he Court bears an obligation to assist Plaintiff (who proceeds pro se as a pauper) in obtaining service of process on Defendants [] Couzzi, [] Rodgers, and [] Kluk" and "need[s] to determine whether the Court should enter a default as to said Defendants under Federal Rule of Civil Procedure 55(a)").)

On January 15, 2025, Defendants Couzzi, Rodgers, and Kluk (through counsel) filed and served on Plaintiff the instant Motion. (<u>See</u> Docket Entry 23 at 3, 5; <u>see also</u> Docket Entry 22 (notice of appearance by counsel for Defendants Couzzi, Rodgers, and Kluk); Docket Entry 24 at 1 ("giv[ing] notice that [Defendant Peach's counsel] completed a reasonable inquiry with the Rockingham County Detention Center" which led to filing of instant Motion).) Plaintiff responded in opposition (<u>see</u> Docket Entry 25) and Defendants Couzzi, Rodgers, and Kluk replied (<u>see</u> Docket Entry 27).

<u>DISCUSSION</u>

The instant Motion acknowledges that the Summons[es for Defendants Couzzi, Rodgers, and Kluk] and [copies of the] Complaint were delivered to the Rockingham County Detention Center on October 25, 2024." (Docket Entry 23 at 1.) The Federal Rules of Civil

-4-

Procedure (the "Rules") permit service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), and North Carolina law permits service via certified mail to a defendant's place of employment, see, e.g., Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004) (Tilley, C.J.). Moreover, if the certified mail receipt "[i]s signed by a person other than the addressee, North Carolina presumes 'that the person who received the mail and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process.'" Godfrey v. Long, No. 5:10CT3105, 2012 WL 43593, at *5 (E.D.N.C. Jan. 9, 2012) (unpublished) (ellipsis omitted) (quoting N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2)), aff'd, 472 F. App'x 174 (4th Cir. 2012); see also Moore, 341 F. Supp. 2d at 573 (observing that "a person authorized to receive mail is an authorized agent for purposes of receiving service of process in North Carolina").

Accordingly, it appears that the time for Defendants Couzzi, Rodgers, and Kluk to answer began to run on October 25, 2024, and expired 21 days later on November 15, 2024, see Fed. R. Civ. P. 12(a)(1)(A) (dictating that generally "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint"). The instant Motion seeks relief from that deadline under Rule 6(b). (See Docket Entry 23 at 1.)

-5-

Excusable Neglect under Rule 6(b)(1)

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1) (emphasis added). Although this Rule nominally requires a finding of both "good cause," id., and "excusable neglect," id., the United States Court of Appeals for the Fourth Circuit effectively has collapsed those requirements into a single inquiry in this context, see Lovelace v. Lee, 472 F.3d 174, 203-04 (4th Cir. 2006) ("A district court has discretion to grant an enlargement of time upon motion made after the expiration of the specified period where the failure to act was the result of excusable neglect. We find no abuse of discretion here. The district court had a reasonable basis for finding good cause (or excusable neglect) for [the defendant's] delay . . . ." (internal citation, ellipsis, and quotation marks omitted)). That approach makes sense because, whereas courts have described the "good cause" standard as "non-rigorous," Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010), "liberal," Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989), and "not . . . particularly demanding," Stark-Romero v. Nat'l R.R. Passenger Co., 275 F.R.D. 544, 547 (D.N.M. 2011), the Fourth Circuit has declared that "'[e]xcusable neglect' is not easily demonstrated," Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir.

1996).   With that declaration in mind, the Court must determine whether the record establishes excusable neglect for the failure of Defendants Couzzi, Rodgers, and Kluk to timely file their answer.

To aid courts in that task, the United States Supreme Court has explained as follows:

> [T]here is no indication that anything other than the commonly accepted meaning of the phrase ["excusable neglect"] was intended by its drafters.   It is not surprising, then, that in applying Rule 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays.   Although inadvertence, ignorance of the [R]ules, or mistakes construing the [R]ules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 391-92 (1993) (emphasis added) (internal footnotes and some quotation marks omitted).   In other words, this inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."   Id. at 395. "These include . . . [1] the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."   Id. (emphasis added).

The first Pioneer factor, i.e., "prejudice to [Plaintiff]," id., strongly favors relief for Defendants Couzzi, Rodgers, and Kluk.   In that regard, the Fourth Circuit has ruled both that

-7-

"delay in and of itself does not constitute prejudice to the opposing party," <u>Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.</u>, 616 F.3d 413, 418 (4th Cir. 2010), <u>and</u> that no prejudice accrues from "los[ing] a quick [default-based] victory," <u>Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.</u>, 843 F.2d 808, 812 (4th Cir. 1988).  In light of that precedent, Plaintiff has not identified any cognizable prejudice; instead, he merely has asserted in conclusory fashion that "[Defendants] Couzzi, [] Kluk and [] Rodgers had more than anough [sic] time to respond to the[ir S]ummons[es] in a timly [sic] matter [sic] [but] they failed to do so."  (Docket Entry 25 at 1; <u>see also</u> <u>id.</u> ("ask[ing] the [C]ourt[] to [e]nter a default on [] Defendants [] Couzzi, [] Kluk and [] Rodgers").)

The second <u>Pioneer</u> factor, i.e., "the length of the delay and its potential impact on judicial proceedings," <u>Pioneer</u>, 507 U.S. at 395, weighs neither for nor against a finding of excusable neglect. As previously documented, Defendants Couzzi, Rodgers, and Kluk filed the instant Motion (and proposed answer) two months after their deadline to answer.  In applying <u>Pioneer</u>, one court has deemed a delay of just under two months "minimal," <u>Iannace v. Rogers</u>, Civ. No. 03-5973, 2006 WL 2038492, at *3 (D.N.J. July 18, 2006) (unpublished), and another court has described a delay of "a little over two months" as "a short period," <u>Moczek v. Secretary of Health & Hum. Servs.</u>, 776 F. App'x 671, 674 (Fed. Cir. 2019).

-8-

Furthermore, this Court has not set a date for trial or any hearings in this case (see Docket Entries dated July 2, 2024, to present) and therefore the short (if slightly more than minimal) delay by Defendants Couzzi, Rodgers, and Kluk in answering has not materially impacted (or threatened to impact) judicial proceedings in this nascent case (but, at most, has briefly delayed adoption of a scheduling order). Given those considerations, the Court will follow the lead of "courts [that] assess this factor as <u>neutral</u> where the past delay was not minimal but the possibility of future delay to the pre-trial schedule is minimal because of a distant or non-existent trial date." <u>Anderson v. San Bernardino Sheriff's Dep't</u>, No. 5:22CV1586, 2024 WL 2750965, at *4 (C.D. Cal. Mar. 29, 2024) (unpublished) (emphasis added) (internal quotation marks omitted), <u>recommendation adopted</u>, 2024 WL 2750934 (C.D. Cal. May 29, 2024) (unpublished).

As to the third <u>Pioneer</u> factor, i.e., "the reason for the delay," <u>Pioneer</u>, 507 U.S. at 395, the instant Motion states:

1) "[u]pon receipt of the Summons[es] and Complaint by the [Rockingham County] Detention Center, the matter was referred to jail administrator Major Wendell Brown" (Docket Entry 23 at 2);

2) "included with the . . . [copies of the] Complaint was a copy of this Court's [o]rder and [r]ecommendation . . . dated June 24, 2024, [recommending] dismiss[al of Plaintiff's c]omplaint [in a prior case]" (<u>id.</u>);

-9-

3) "Major Brown erroneously believed that the [recommendation] of June 24, 2024, applied to the Summons[es] and Complaint included in the packet[s for Defendants Couzzi, Rodgers, and Kluk] rather than the [prior c]omplaint" (id.; see also id. ("Major Brown believed . . . this matter was being dismissed . . . .")); and

4) "[a]s a result of th[at] incorrect belief, Major Brown believed no further action was required and did not notify the County Attorney or other legal counsel" (id.; see also id. (stating that Rockingham County Attorney only learned of this action on January 14, 2025, following inquiry made by Defendant Peach's counsel in compliance with Text Order dated December 20, 2024)).[3]

Those representations indicate that Defendants Couzzi, Rodgers, and Kluk did not receive timely notice of their Summonses due to errant handling of the certified mailings delivered to the Rockingham County Detention Center. (See id. at 3 (arguing that "actions of other members of the Rockingham County Sheriff's Office are responsible for the delay in responding").) And both "the failure of [litigants] to receive notice . . . [and] misrouted mail . . . fall within the ambit of reasons which a [d]istrict [c]ourt, in its discretion, may reasonably accept under 'excusable

_____

[3] Plaintiff's opposition to the instant Motion does not challenge or otherwise call into question the above account (tendered by an officer of the Court bound by a duty of candor, see United States v. Shaffer Equip. Co., 11 F.3d 450, 457 (4th Cir. 1993) ("[W]e are confident that a general duty of candor to the court exists in connection with an attorney's role as an officer of the court.")). (See Docket Entry 25.)

neglect.'" <u>In re Cendant Corp. Prides Litig.</u>, 233 F.3d 188, 197 (3d Cir. 2000); <u>see also</u> <u>In re Enron Corp.</u>, No. 01-16034, 2003 WL 1889042, at *4 (Bankr. S.D.N.Y. Apr. 8, 2003) (unpublished) ("The 'reason for the delay' factor incorporates the *Pioneer* Court's concern with sufficient notice."). At a minimum, "[t]he record contains no evidence that [anyone at the Rockingham County Detention Center] informed [Defendants Couzzi, Rodgers, and Kluk] of the [Summonses] . . . ." <u>In re Pilgrim's Pride Corp.</u>, No. 08-45664, 2011 WL 576070, at *3 (Bankr. N.D. Tex. Feb. 9, 2011) (unpublished). Absent such evidence, the Court could not conclude that the reason for their delay in answering "was within the[ir] reasonable control," <u>Pioneer</u>, 507 U.S. at 395. Conversely, however, the record (including the instant Motion) does not explain how Defendant Peach (unlike Defendants Couzzi, Rodgers, and Kluk) managed to timely answer, despite the fact that her Summons (like their Summonses) also arrived at the Rockingham County Detention Center on October 25, 2024, where (like the Summonses for Defendants Couzzi and Rodgers) Defendant Peach's Summons initially landed in the hands of Corporal Crowder. Put another way, the record does not resolve the question of why Major Brown's reported intercession kept Defendants Couzzi, Rodgers, and Kluk from timely answering, but did not stop Defendant Peach from timely answering. Under these circumstances, with ambiguities in the record cutting both ways, the Court treats the third <u>Pioneer</u> factor as neutral.

-11-

The fourth <u>Pioneer</u> factor, i.e., "whether [Defendants Couzzi, Rodgers, and Kluk] acted in good faith," <u>id.</u>, favors a finding of excusable neglect, "[b]ecause there is no evidence that the delay in filing was to gain a tactical advantage[ and thus] the Court presumes good faith," <u>Global Ass'n of Risk Pros., Inc. v. Global Inst. of Fin. Pros.</u>, No. 21CV5207, 2023 WL 171891, at *2 (S.D.N.Y. Jan. 12, 2023) (unpublished); <u>see also</u> <u>Bateman v. United States Postal Serv.</u>, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding "no evidence that [the plaintiff] acted with anything less than good faith," even where "reason for the delay [in filing wa]s, admittedly, weak," as delay "resulted from negligence and carelessness, not from deviousness or willfulness"). Indeed, "there is no contention [by Plaintiff] that [Defendants Couzzi, Rodgers, and Kluk] ha[ve] not acted in good faith," <u>In re Northwest Airlines Corp.</u>, No. 05-17930, 2010 WL 502837, at *3 (Bankr. S.D.N.Y. Feb. 9, 2010) (unpublished). (<u>See</u> Docket Entry 25.)

On balance, the <u>Pioneer</u> factors support a finding of excusable neglect for the failure of Defendants Couzzi, Rodgers, and Kluk to file a timely answer. The first and fourth factors favor Defendants Couzzi, Rodgers, and Kluk, while the second and third factors rest at equipoise. Although the third factor carries the most significance, <u>see</u> <u>Thompson</u>, 76 F.3d at 534, the Supreme Court's holding in <u>Pioneer</u> makes clear that, even if a party does not show an acceptable reason for missing a deadline, a court may

-12-

find excusable neglect when the record lacks "any evidence of prejudice to [the opposing party] or to judicial administration in th[e] case, or any indication at all of bad faith," <u>Pioneer</u>, 507 U.S. at 398. Because this case presents such circumstances, the Court finds excusable neglect warranting allowance of a late answer. <u>See, e.g.</u>, <u>Tolliver v. Liberty Mut. Fire Ins. Co.</u>, No. 2:06CV904, 2008 WL 545018, at *1 (S.D. Ohio Feb. 25, 2008) (unpublished) ("[The reason for the defendant's failure to timely answer] can only be described as carelessness. On the other hand, it does not appear that the delay in tendering an answer will prejudice either the plaintiff or the [c]ourt in its ability to resolve this litigation in a timely fashion. The delay was slightly more than two months, and there is no evidence that [the defendant] did not act in good faith. Under these circumstances, and given the flexible nature of the 'excusable neglect' concept articulated in *Pioneer*, the [c]ourt concludes that it would be appropriate to permit a late answer to be filed. That is especially true in light of the strong preference for trials on the merits . . . ." (some internal quotation marks omitted)).

<div align="center"><u>Relief from Default under Rule 55(c)</u></div>

Alternatively, had the Court not found excusable neglect under Rule 6(b)(1) to allow Defendants Couzzi, Rodgers, and Kluk to file their answer out-of-time (such that entry of default under Rule

-13-

55(a) would follow),[4] the ultimate outcome would not change. More specifically, "even if the [C]ourt were inclined to enter default against [Defendants Couzzi, Rodgers, and Kluk] for filing [their] answer [two months] late, the [C]ourt would find that default should be set aside for good cause shown. *See* Fed. R. Civ. P. 55(c)." <u>Mook v. Gertsema</u>, Civ. No. 07-2152, 2008 WL 2859169, at *2 (D. Kan. July 23, 2008) (unpublished); <u>accord, e.g.,</u> <u>Mollohan v. Price</u>, No. 2:13CV32251, 2014 WL 4181476, at *4 (S.D.W. Va. Aug. 20, 2014) (unpublished); <u>see also</u> Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . . ."); <u>Sony Corp. v. Elm State Elecs., Inc.</u>, 800 F.2d 317, 319 (2d Cir. 1986) ("Notwithstanding the nominal requirement that the non-answering defendant demonstrate excusable neglect in order to prevail on a Rule 6(b) motion, district courts regularly exercise their discretion to deny technically valid motions for default.").

In regard to the good cause inquiry under Rule 55(c), the Fourth Circuit has held that,

> [w]hen deciding whether to set aside an entry of default, a district court should consider [1] whether the [defendant] has a <u>meritorious defense</u>, [2] whether [the defendant] act[ed] with <u>reasonable promptness</u>, [3] the <u>personal responsibility</u> of the [defendant], [4] the <u>prejudice</u> to the [plaintiff], [5] whether there is a <u>history of dilatory action</u>, and [6] the availability of <u>sanctions less drastic</u>.

---

[4] "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006) (emphasis added). The Court "must [] liberally construe[ those factors] to provide relief from the onerous consequences of defaults," Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (internal quotation marks omitted), because the Fourth Circuit "ha[s] repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits," Colleton Preparatory, 616 F.3d at 417.

Starting with the first Payne factor, "[a] meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party . . . ." Augusta Fiberglass, 843 F.2d at 812. The defaulting party "is not required to establish a meritorious defense by a preponderance of the evidence[;] . . . the mere assertion of facts constituting a meritorious defense in a[ pleading] . . . satisfie[s] the requirement of showing a meritorious defense . . . ." Central Operating Co. v. Utility Workers of Am., AFL-CIO, 491 F.2d 245, 252 n.8 (4th Cir. 1974); see also Herlong v. Ludwig, No. 6:09CV2823, 2010 WL 1433454, at *3 (D.S.C. Apr. 8, 2010) (unpublished) ("Alleging a meritorious defense in a responsive pleading is sufficient to present a meritorious defense."). In their proposed answer, Defendants Couzzi, Rodgers, and Kluk allege, inter alia, that they never "harmed [Plaintiff] in any way" (Docket Entry 23-1 at 3), that they

-15-

never "deprived Plaintiff of any right under the United States Constitution" (id. at 5), that they "acted at all times in good faith" (id.), and that "their actions were lawful and justified in an attempt to help an inmate suffering a seizure" (id.). "Because[,] at this early stage of the proceeding, [Defendants Couzzi, Rodgers, and Kluk] ha[ve] sufficiently alleged facts that could constitute a meritorious defense and there is a strong preference to dispose of cases on the merits, this factor weighs in favor of setting aside [any] entry of default." MacRegen, Inc. v. Burnette, No. 1:19CV591, 2020 WL 2097631, at *2 (M.D.N.C. May 1, 2020) (unpublished) (Tilley, S.J.).

In assessing the second Payne factor, the question of "[w]hether a party has taken reasonably prompt action, of course, must be gauged in light of the facts and circumstances of each occasion . . . ." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) (internal quotation marks omitted). As documented above, Defendants Couzzi, Rodgers, and Kluk sought leave to file their answer two months after the expiration of their answer deadline without Plaintiff requesting entry of a default in the interim. Neighboring courts have weighted this factor toward a defendant who delayed acting for a similar period after entry of a default. See 5Star Life Ins. Co. v. Shoemaker Zenner, No. 2:19CV2593, 2020 WL 967593, at *2 (D.S.C. Feb. 28, 2020) (unpublished) ("The [c]ourt finds [the defendant] acted with

-16-

reasonable promptness. . . . [W]ithin two months of the entry of default, [the defendant] moved to set aside the default."); Vick v. Wong, 263 F.R.D. 325, 330 (E.D. Va. 2009) (finding that reasonable promptness factor favored setting aside default even though the defendant did not act for more than two months after entry of default). Consistent with that view, this Court concludes that the second Payne factor supports relief from any default here.

As to the third Payne factor, i.e., the defendant's "personal responsibility," Payne, 439 F.3d at 204, for reasons discussed in the prior subsection, the record does not permit a finding that the failure of Defendants Couzzi, Rodgers, and Kluk to timely answer "was within the[ir] reasonable control," Pioneer, 507 U.S. at 395. As a result, the third Payne factor tilts toward setting aside any default entered. See, e.g., Nelson v. Shrewsbury, No. 2:23CV543, 2023 WL 7311203, at *3 (S.D.W. Va. Nov. 6, 2023) (unpublished) ("[The plaintiff] has not provided any evidence to suggest that [the d]efendant [] bears any personal responsibility for his failure to respond by the deadline. I, therefore, find that this [Payne] factor weighs in favor of [the d]efendant."); Swarey v. Desert Cap. REIT, Inc., Civ. Action No. 11-3615, 2012 WL 4208057, at *5 (D. Md. Sep. 20, 2012) (unpublished) (holding that third Payne factor favored relief from default where "[the p]laintiffs d[id] not offer any evidence . . . that the [d]efendants . . . [we]re personally culpable for the delayed response").

-17-

The fourth Payne factor, i.e., "prejudice to [Plaintiff]," Payne, 439 F.3d at 204, likewise weighs against maintenance of any default. The Fourth Circuit has stated that, "[i]n the context of a motion to set aside an entry of default, . . . delay in and of itself does not constitute prejudice to the opposing party." Colleton Preparatory, 616 F.3d at 418.[5] Nor does prejudice result when a litigant "loses a quick [default-based] victory." Augusta Fiberglass, 843 F.2d at 812. Rather, the Fourth Circuit has described relevant prejudice as "missing witness[es] . . . whose testimony was made unavailable by the delay; . . . dead witness[es]; . . . records made unavailable by the delay[;] . . . [or] evidence for the plaintiff which could have been presented earlier, the presentation of which was prevented by the delay." Lolatchy, 816 F.2d at 952-53. Plaintiff has not identified any such prejudice here. (See Docket Entry 25.) Accordingly, this factor favors setting aside any default.

Turning to the fifth Payne factor, "[b]ecause of the early stage[] of this case . . ., there is [] no indication of a history of dilatory action [by Defendants Couzzi, Rodgers, and Kluk] in this case." South Carolina CVS Pharmacy, L.L.C. v. SCP 2001A-CSF-72 LLC, C/A No. 0:24-524, 2024 WL 3826582, at *4 n.6 (D.S.C. June 27, 2024) (unpublished), recommendation adopted, 2025 WL 540470

---

[5] Further, as previously detailed, the untimeliness of the proposed answer from Defendants Couzzi, Rodgers, and Kluk has not materially delayed the proceedings in this case.

-18-

(D.S.C. Feb. 18, 2025) (unpublished).  The Court's research also
revealed no prior litigation involving Defendant Couzzi (and thus
no prior dilatory litigation conduct by him in other cases).  A
different plaintiff detained in the Rockingham County Detention
Center has instituted another Section 1983 action against
Defendants Rodgers and Kluk (among others).  See Compl., Williamson
v. Brown, No. 1:24CV431, Docket Entry 2 (M.D.N.C. May 21, 2024).
Filings by the USMS in that case reflect that Rockingham County
Clerk of Court Abner Bullins received the summonses issued for
Defendants Rodgers and Kluk (addressed to the Rockingham County
Sheriff's Office).  See Process Receipt and Return, Williamson v.
Brown, No. 1:24CV431, Docket Entry 18 at 7 (M.D.N.C. Nov. 26, 2024)
(Defendant Kluk); Process Receipt and Return, Williamson v. Brown,
No. 1:24CV431, Docket Entry 18 at 11 (M.D.N.C. Nov. 26, 2024)
(Defendant Rodgers).  Defendants Rodgers and Kluk have not answered
(or otherwise responded) in that action, see Docket, Williamson v.
Brown, No. 1:24CV431 (M.D.N.C.); however, given the absence of any
sign that they received notice of those summonses, the Court
declines to infer that they have acted in a dilatory manner in that
case.[6]  This factor therefore supports relief from any default.

---

[6]  A third plaintiff detained in the Rockingham County
Detention Center recently named Defendant Kluk (along with five
others) as a defendant in yet another Section 1983 case, see
Compl., McMaster v. Page, No. 1:24CV631, Docket Entry 3 (M.D.N.C.
July 26, 2024), but that case has not survived initial screening,
see McMaster v. Page, No. 1:24CV631 (M.D.N.C. Nov. 25, 2024) (slip
op.) (Peake, M.J.) (recommending dismissal without prejudice).

Finally, as to the sixth <u>Payne</u> factor, i.e., "the availability of sanctions less drastic," <u>Payne</u>, 439 F.3d at 204-05, "[n]either party has suggested alternative sanctions," <u>Pinpoint IT Servs., L.L.C. v. Atlas IT Export Corp.</u>, 812 F. Supp. 2d 710, 727 (E.D. Va. 2011). (<u>See</u> Docket Entries 23, 25, 27.) Nevertheless, "the Court [can] certainly consider any suggestions that are brought before it . . . . Therefore, this factor counsels in favor of setting aside default." <u>Pinpoint</u>, 812 F. Supp. 2d at 728; <u>accord</u> <u>Lindemann-Moses v. Jackmon</u>, 644 F. Supp. 3d 163, 179 (M.D.N.C. 2022) (Schroeder, C.J.); <u>Burden v. Covington</u>, No. 1:18CV767, 2021 WL 5868491, at *2 (M.D.N.C. Oct. 19, 2021) (unpublished) (Webster, M.J.), <u>recommendation adopted</u>, 2021 WL 5867561 (M.D.N.C. Dec. 10, 2021) (unpublished) (Osteen, J.); <u>see also</u> <u>RE/MAX, LLC v. McCroskey</u>, Civ. No. 12-3290, 2013 WL 3364531, at *2 (D. Md. July 3, 2013) (unpublished) ("[L]ess drastic sanctions than default will be available . . . if [the defendant] continues untimely responses.").

To summarize, all six <u>Payne</u> factors support a finding of good cause to set aside any default by Defendants Couzzi, Rodgers, and Kluk. The Court thus will not enter a default, but instead (A) will require Defendants Couzzi, Rodgers, and Kluk to promptly file their proposed answer and (B) will adopt a scheduling order so that this case can now move swiftly to a merits-based resolution, <u>see</u> M.D.N.C. LR 16.1(a) (authorizing entry of scheduling order

-20-

without initial pretrial conference in "[c]ases brought by pro se plaintiffs" (italics omitted)).

<div align="center">CONCLUSION</div>

The record establishes excusable neglect for the failure of Defendants Couzzi, Rodgers, and Kluk to file a timely answer. In the alternative, good cause exists to set aside any default.

**IT IS THEREFORE ORDERED** that the instant Motion (Docket Entry 23) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants Couzzi, Rodgers, and Kluk shall file their answer in the form of Exhibit 1 (Docket Entry 23-1) by March 7, 2025.

**IT IS FURTHER ORDERED** that this scheduling order shall govern the further proceedings in this case:

1) the Standard case management track established by Local Rule 26.1(a)(1) shall apply, with the lone exception that the Court adopts a six-month (rather than a four-month) discovery period;

2) the parties shall file any motions seeking leave to amend pleadings or to add parties by May 8, 2025;

3) the parties shall serve any expert disclosures required by Rule 26(a)(2)(B) and (C) by July 8, 2025;

4) the parties shall serve any rebuttal expert reports (as contemplated by Rule 26(a)(2)(D)(ii)) by August 8, 2025;

5) the parties shall complete all discovery by September 8, 2025; and

<div align="center">-21-</div>

6) consistent with Local Rule 16.4(b), the parties need not conduct mediation.

**IT IS FURTHER ORDERED** that, to assist Plaintiff in meeting his obligation to litigate this case, the Clerk shall send Plaintiff a copy of the Civil Rules portion of the Local Rules, as well as Federal Rules of Civil Procedure 5, 5.2, 6, 7, 10, 11, 15, 16, 26, 28, 29, 30, 31, 33, 34, 36, 45, 56, and 72.

<div align="right">

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

</div>

February 28, 2025